Edward W. Swanson, SBN 159859
August Gugelmann, SBN 240544
SWANSON & McNAMARA LLP
300 Montgomery Street, Suite 1100
San Francisco, California 94104
Telephone: (415) 477-3800
Facsimile: (415) 477-9010

Attorneys for JULES SIBILIO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>ANN ATCHISON WATERHOUSE, as Administrator of the ESTATE OF MARY AILEEN ATCHISON; JULES SIBILIO, an individual; and DOES 1-10, inclusive,<br><br>　　　　　　Defendants | No. CV 15-3271 JST<br><br>**STIPULATION AND [PROPOSED] ORDER STAYING CASE** |

　　　　Plaintiff-in-Interpleader The Guardian Life Insurance Company of America and Defendants-in-Interpleader Jules Sibilio and Ann Atchison Waterhouse hereby stipulate and agree as follows:

1)      On July 14, 2015, the Guardian filed this interpleader action arising from the death of Mary Atchison on August 26, 2014.  The complaint alleges that Ms. Atchison was insured for group life and accidental death and dismemberment benefits under a plan established by her employer; that Mr. Sibilio is the primary beneficiary of Ms. Atchison's benefits under the plan; that Ms. Atchison's death was ruled a homicide and Mr. Sibilio has been charged with her murder; and that Ms. Waterhouse, as administrator of Ms. Atchison's estate, has submitted a claim for benefits under the policy.  The Guardian requests that "the defendants be required to interplead and settle among themselves their respective rights to the proceeds" under Ms. Atchison's insurance plan.

2)      The defendants have filed answers to the complaint.  In her answer, Ms. Waterhouse alleges that Mr. Sibilio is disqualified from receiving the policy proceeds pursuant to, *inter alia*, California's "slayer statute," codified in Probate Code section 252, which prohibits individual who feloniously and intentionally kills the person upon whose life the policy was issued from recovering benefits under the policy.  In his answer, Mr. Sibilio has asserted his Fifth Amendment privilege against self-incrimination.

3)      Mr. Sibilio is the sole defendant in the currently-pending matter of *People v. Jules Sibilio*, San Francisco Superior Court No. 14022755.  In that case, Mr. Sibilio is charged with homicide in violation of Penal Code § 187(a) with respect to the same subject matter as the complaint, i.e. the death of Ms. Atchison.

4)      The parties agree that the Court has discretion to stay these proceedings in the face of the parallel criminal action.  *See, e.g., Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989); *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324-25 (9th Cir. 1995).  The Court's decision whether to stay the case "should be made in light of the particular

circumstances and competing interests involved." *Keating*, 45 F.3d at 324 (internal quotation omitted).

5) The parties agree that a stay pending final resolution of *People v. Sibilio* is appropriate in light of the factors outlined in Ninth Circuit case law:

> [T]he decisionmaker should consider the extent to which the defendant's Fifth Amendment rights are implicated. In addition, the decisionmaker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Keating*, 45 F.3d at 324-25 (citation and internal quotations omitted). In particular, the parties agree that:

a) The question of which defendant is entitled to proceeds under the Plan hinges on the question of liability for Ms. Atchison's death. Thus, the subject matter of this case overlaps completely with that of *People v. Sibilio*, and Mr. Sibilio's Fifth Amendment rights are implicated.

b) The Guardian, as plaintiff in this action, has deposited the disputed funds with the Court and thus has no particular interest in proceeding expeditiously with this litigation and will suffer no prejudice as a result of a stay. The parties have agreed that Guardian may seek to be discharged and dismissed from the case with reasonable fees, and that the requested stay shall not prevent Guardian from doing so.

c) Ms. Waterhouse will suffer no prejudice as a result of a stay. Given that the Guardian has deposited the disputed funds with the Court, there is no risk of loss of any sum to which Ms. Waterhouse, in her capacity as administrator of the estate, may be entitled.

3

**Stipulation and [Proposed] Order to Stay Proceedings**
*Guardian Life Insurance Co. of America v. Waterhouse, et al.*, CV 15-3271 JST

d) By contrast, Mr. Sibilio will be prejudiced in the absence of a stay. Given the pending criminal proceedings, Mr. Sibilio has asserted his Fifth Amendment rights in this matter. His assertion will severely impede his ability to make or defend any claim to the proceeds of the Plan. *See*, *e.g.*, *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1264 (9th Cir. 2000) (in a civil case, decisionmaker may draw adverse inferences from a party's invocation of the Fifth Amendment).

e) Staying this case pending resolution of *People v. Sibilio* is in the interests of judicial economy. It is likely that resolution of *People v. Sibilio* will also resolve this matter. Should that not be the case, resolution of *People v. Sibilio* will likely expedite these proceedings, as factual and/or legal questions that may arise in this case could be resolved in course of the criminal matter.

f) The parties are unaware of any person not currently a party to these proceedings whose interests would be harmed by a stay.

g) The parties agree that the interest of the public lies with resolution of the criminal matter and that the public's interest will not be prejudiced by a stay.

6) According, the parties stipulate and agree that the Court should enter an order staying all proceedings here pending final resolution of *People v. Sibilio*. The parties further agree that the requested stay shall not prevent Guardian from seeking to be discharged and dismissed from the case with reasonable fees.

/ / /

4

**Stipulation and [Proposed] Order to Stay Proceedings**
*Guardian Life Insurance Co. of America v. Waterhouse, et al.*, CV 15-3271 JST

7) The parties further agree that, during the pendency of the stay, defendants will submit reports every three months apprising the Court of the status of *People v. Sibilio*.

IT IS SO STIPULATED.

Dated: October 23, 2015

          /s/
Edward W. Swanson
August Gugelmann
SWANSON & McNAMARA LLP
Attorneys for Jules Sibilio

Dated: October 23, 2015

          /s/
Marie G. Quashnock
ALVIS QUASHNOCK AND ASSOCIATES, PC
Attorneys for Ann A. Waterhouse, as Administrator of the Estate of Mary Aileen Atchison

Dated: October 23, 2015

          /s/
Keiko J. Kojima
BURKE, WILLIAMS & SORENSEN LLP
Attorneys for The Guardian Life Insurance Company of America

**ORDER**

Pursuant to stipulation and for good cause shown, IT IS SO ORDERED. The Court hereby STAYS all proceedings in this case pending final resolution of *People v. Jules Sibilio*, San Francisco Superior Court No. 14022755, except that the stay shall not prevent Guardian from seeking to be discharged and dismissed from the case with reasonable fees. Defendants are to file reports on the status of *People v. Sibilio* every three months.

Dated: October 26, 2015

          _____
Hon. Jon S. Tigar
United States District Court

5

**Stipulation and [Proposed] Order to Stay Proceedings**
*Guardian Life Insurance Co. of America v. Waterhouse, et al.*, CV 15-3271 JST